IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM DEMBY**, | : | CIVIL NO. 1:15-CV-1347 |
| | : | |
| Petitioner | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PA BOARD OF PROBATION AND PAROLE**, *et al.*, | : | |
| | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 16th day of November, 2016, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), wherein petitioner, William Demby, alleges that the Pennsylvania Board of Probation and Parole violated his due process rights when he was denied parole and, for relief, requests "immediate[] release[] on parole," and this court, in an effort to ascertain the custodial status of petitioner, accessed the Vinelink online inmate locator, which revealed that petitioner has been paroled[1], which renders the petition moot, see Spencer v. Kemna, 523 U.S. 1 (1998) (dismissing the habeas petition as moot where petitioner challenged the failure to be released on parole and was subsequently

---

[1] Upon entering petitioner's offender identification number, EC5180, into the Vinelink online inmate locator system, https://www.vinelink.com/#/search, his status was returned as follows:

    Offender Name:    Demby, William
    Custody Status:   Out of Custody
    Location:         Paroled

released on parole); Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."), and, further, because petitioner has not asserted any collateral consequences that are the result of the denial of parole, see Spencer, 523 U.S. at 14-18 (petitioner's purported injuries in fact—that parole revocation could be used against him in future parole proceedings, to increase his sentence in future sentencing proceedings, to impeach him should he appear as a witness or litigant in a future judicial proceeding, or as a defendant in a future criminal proceeding—were insufficient to establish a collateral consequence), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.
2. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania